IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   CRIMINAL ACTION NO. 5:10-cr-00003

BRIAN FANARY,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On April 20, 2015, the Court entered an *Order* (Document 111) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions regarding application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, opinion and judgment on appeal, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 112) and the Defendant (Document 116), submitted pursuant to the Court's *Order*, as well as the motion (Document 105) and supporting memorandum (Document 107) submitted by the Defendant

*pro-se*. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to possession with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), on April 20, 2010. On October 5, 2010, the Court imposed a total sentence of eighty-five (85) months of imprisonment for both counts, which were grouped pursuant to the United States Sentencing Guidelines. His total offense level was twenty-five (25), and he was in criminal history category II, with an original guideline range of 63 to 78 months. The Court varied upward to impose a sentence above the advisory guideline range, citing the Defendant's extensive involvement with trading, selling, and modifying firearms as a convicted felon and his attempt to bribe his arresting officers. Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-three (23). The revised Guideline imprisonment range is 51 to 63 months. The Defendant is, therefore, eligible for a sentencing reduction.

The Court finds that a reduction is appropriate. Probation reports no disciplinary problems while in custody, and indicates that the Defendant completed drug treatment and educational programs. The Defendant stated that the BOP reduced his security level to the lowest level, allowing him to work in the public arena. He attached a letter of recommendation from his supervisor at the Coast Guard Station in Destin, Florida, where he has been working. Despite the Defendant's good conduct while incarcerated, the Court's previous findings regarding his offense and relevant conduct continue to support an above-guidelines sentence.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Document 105) be **GRANTED**.

The Court **ORDERS** that the Defendant's base offense level be reduced by two levels to twenty-four (24). After consideration of a 2-level increase for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1), and a 3-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-three (23)**. Given his criminal history category of **II**, a revised guideline imprisonment range of **51 to 63 months** is established. The Court further **ORDERS** that the Defendant's sentence be **REDUCED** by **12 months**, for a total term of imprisonment of **73 months**. Finally, in accordance with U.S.S.G. § 1B1.10(e)(1), the Court **ORDERS** that the Defendant's release date be no earlier than November 1, 2015.

    The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

    ENTER:     June 24, 2015

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA